## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7197 | **DATE** | January 30, 2008 |
| **CASE TITLE** | Wardell Bright a.k.a. Wydell Bright # 2007-0072575 v. Melondez | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file in forma pauperis is granted. [3] The court authorizes Cook County Jail officials to deduct $2.00 from plaintiff's account. The clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The clerk shall issue summons and attach a Notice of Availability of a Magistrate Judge to the summons for each defendant, and send plaintiff said Notice and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel is denied.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $2.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor., and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred from the Jail to a state correctional facility.

**(CONTINUED)**

ste

**STATEMENT (continued)**

Plaintiff alleges that two Chicago police officers used excessive force against him during an arrest on September 23, 2007.

The United States marshals service is appointed to serve defendants, Officer Melondez and Officer Corona, both of the Bridgeport police department. The court directs the marshal to send the necessary USM-285 forms to plaintiff so that he may provide the information necessary for the marshal to serve defendants with process. The marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service on defendants.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice. In exercising this discretion, a court considers several factors in deciding whether or not to appoint: the merit of the indigent Plaintiff's claims; the Plaintiff's ability to investigate crucial facts; whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; the capability of the indigent litigant to present the case; the complexity of the legal issue raised. *Swofford v. Maxwell,* 969 F. 2d 547, 551 (7th Cir. 1992). In addition, the court should consider plaintiff's ability to litigate his claim. *Pruitt v. Mote,* 503 F. 3d 647 (7th Cir. 2007).

Plaintiff's complaint demonstrates his competence at this time to present his claims adequately. Accordingly, the motion for appointment of counsel is denied without prejudice.