IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WARDELL BRIGHT | ) | |
| | ) | |
| Plaintiff, | ) | NO. 07 C 7197 |
| | ) | |
| v. | ) | HON. JUDGE ZAGEL |
| | ) | Judge Presiding |
| R. MELONDEZ, and | ) | |
| R. CORONA, | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MELENDEZ AND CORONA'S MOTION
TO STAY THE PROCEEDINGS**

Defendants Ramon Melendez and Rodrigo Corona, (referred to as "Defendant Officers"), by one of their attorneys, Thomas H. Freitag, respectfully request this Honorable Court to stay the proceedings herein until completion of the Plaintiff's underlying state criminal case. In support thereof, Defendant Officers state as follows:

1. On or about December 21, 2007, plaintiff, Wardell Bright filed a pro se complaint pursuant to 42 U.S.C. § 1983, which alleges that Defendant Officers falsely arrested him and used excessive force against him, all in relation to his arrest on September 23, 2007. (See Plaintiff's Complaint, attached hereto as Exhibit A.)

2. As part of the underlying incident on September 23, 2007, Plaintiff was arrested and charged residential burglary and criminal damage to property. (See Circuit Court of Cook County, Case Docket for *People of the State of Illinois v. Wardell Bright ( 07 CR 2080901)*, attached hereto as Exhibit B).

3. Plaintiff's criminal case *People of the State of Illinois v. Wardell Bright ( 07 CR 2080901)*, is still pending in the Circuit Court of Cook County, Criminal Division. (See Exhibit B).

4. Under the abstention doctrine, federal courts should not entertain a claim for damages under 42 U.S.C. § 1983 if disposition of that civil action would involve ruling on issues in dispute in a pending state criminal proceeding. Crump v. Lane, 807 F.2d 1394, 1400 (7th Cir. 1986)(citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971)). In the interest of comity, the Younger court ruled that federal courts should abstain from enjoining ongoing state proceedings absent extraordinary circumstances. Younger, 401 U.S. at 53.

5. The Seventh Circuit Court of Appeals has extended the Younger abstention doctrine to federal suits seeking monetary relief for misconduct in an underlying, pending state criminal case. Simpson v. Rowan, 73 F.3d 134, 137-38 (7th Cir. 1995), cert. denied 519 U.S. 833 (1996). Such a scenario is present in the instant case.

6. Plaintiff seeks monetary damages, alleging that Defendant Officers falsely arrested and battered him. If Plaintiff is found guilty or pleads guilty to the charges, his federal civil rights claim for false arrest and excessive force may be barred as a matter of law. Accordingly, the potential for federal-state friction is evident, as any federal judgment in Plaintiff's Section 1983 lawsuit would have a substantially disruptive effect on his ongoing state criminal proceedings. See Simpson, 73 F.3d at 137, 138 (citations omitted).

7. In accordance with Younger, and the Seventh Circuit's extension of that doctrine in Simpson, Defendant Officers request that this Court grant their motion to stay Plaintiff's Section 1983 lawsuit for monetary relief while Plaintiff's criminal case is still pending in state court.

WHEREFORE, Defendant Officer(s) respectfully request(s) this Court grant their motion to stay the proceedings until the conclusion of Plaintiff's underlying state criminal case.

Respectfully submitted,

/s/ Thomas H. Freitag
Thomas H. Freitag
Assistant Corporation Counsel
Counsel for Defendant Officers

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
Atty. No. 062722